THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JAMIE J. SANCHEZ, ) | Case No. | 2:13CV00912 DS |
| Plaintiff, ) | | |
| vs. ) | MEMORANDUM DECISION AND ORDER | |
| CAROLYN W. COLVIN, ACTING ) COMMISSIONER SOCIAL SECURITY ADMINISTRATION, ) | | |
| Defendant. ) | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Plaintiff Jamie J. Sanchez applied for Social Security benefits alleging a disability beginning on March 5, 2009.  His application was denied initially and on reconsideration. After an administrative hearing, an administrative law judge ("ALJ") concluded at step four of the five-part sequential evaluation process[1], that Plaintiff was unable to perform any past relevant work.  At step five, the ALJ found that Mr. Sanchez was not disabled for purposes of the Social Security Act because with his residual functional capacity, age, education, and work experience, he could perform other jobs existing in significant numbers in the national economy.  Plaintiff's request for review was denied by the Appeals Council.

Mr. Sanchez now seeks judicial review of the decision of the Commissioner of Social Security denying his claim for benefits.  He contends that the ALJ erred in that: (1)

---

[1] *See* 20 C.F.R. § 416.920.  *See also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988)

she did not formulate a proper RFC and, therefore, her analysis is not supported by substantial evidence; and (2) she improperly evaluated his credibility.

## II.  STANDARD OF REVIEW

The Court reviews the ALJ's decision only to determine if the factual findings are supported by substantial evidence and if he applied the correct legal standards. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted). The Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

## III.  DISCUSSION

**A.  Residual Functional Capacity - Evaluation of Medical Opinion Evidence**

Mr. Sanchez urges that the ALJ's assessment of his RFC is not supported by substantial evidence because the ALJ erred in her evaluation of the medical source opinions.

"In determining a claimant's physical abilities, the ALJ should ... assess the nature and extent of the claimant's physical limitations and then determine the claimant's residual functional capacity for work or a regular and continuing basis." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (brackets and internal quotation marks omitted). This involves evaluation of the claimant's "impairment(s), and any related symptoms ... [that] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." 20

C.F.R. § 404.1545(a)(1).   It is the duty of the ALJ to give consideration to all the medical opinions in the record.  See 20 C.F.R. §§ 404.1527(c), 416.927(c).   "[The weight given each opinion will vary according to the relationship between the disability claimant and the medical professional." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).

After examining the record the Court concludes that in her discussion and analysis of the evidence the ALJ generally complied with the foregoing directives and adequately explained her residual functional capacity finding. *See* Tr. 18-22 .  In making her finding, the ALJ stated that she had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements .... [and she] also considered opinion evidence in accordance with the requirements ...." Tr. 18.  The ALJ's narrative includes citation to specific facts, along with her reasoning.[2]  *See* Tr. 18-22 .

As to Mr. Sanchez's specific objections, his  position that, in determining his mental RFC, the ALJ improperly discounted the opinion of Dr. Gale, the VA psychiatrist who saw Plaintiff on two occasions is rejected.  The ALJ reasonably explained that she gave "limited weight" to Dr. Gale's global functioning assessment because Dr. Gale's treatment notes did not include objective evidence to support a finding that Plaintiff's mental impairments imposed serious limitations.  See 20 C.F.R. § 404.1527(c)(3)(more weight is given to an opinion that is supported by evidence, particularly medical signs and laboratory findings).

---

[2] *See generally, Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1166 (10th Cir. 2012) ("[w]here, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal.  In conducting our review, we should, indeed must, exercise common sense").

The Court, likewise, rejects Plaintiff's position that the ALJ improperly evaluated the opinions of Dr. Carlisle, the consultative examining psychologist, and Dr. Dilger, the nonexamining State agency psychiatrist. The record reflects that the ALJ only gave "some weight" to the opinion of Dr. Carlisle, who found that Plaintiff's mental symptoms were bordering on mild to moderate in severity. In doing so the ALJ explained that additional evidence submitted at the hearing of Plaintiff's increased alcohol use showed that Plaintiff may experience moderate limitations in his ability to concentrate and persist and work at a normal pace if required to perform skilled work activities. The ALJ reasonably explained that she gave "great weight" to the opinion of Dr. Dilger, the nonexamining State agency psychiatrist, that Plaintiff could sustain simple to semiskilled tasks. Based on the record evidence as a whole, the ALJ concluded that the Plaintiff had no more than a moderate limitation in the ability to concentrate. The ALJ may rely on all of the medical evidence, including that of nonexamining State agency medical consultants. *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2008)(a nonexamining physician is an acceptable medical source, whose opinion the ALJ is entitled to consider).

Because Dr. Dilger's ultimate opinion as to Plaintiff's mental functional capacity for work is found in Section III of the Mental RFC form (Tr. 561), Plaintiff's position, that the ALJ did not take into account Dr. Dilger's finding in Section I that Plaintiff was moderately limited in the ability to maintain attention and concentration for extended periods and in the ability to respond appropriately to changes in the work setting, is without merit. *See Sullivan v. Colvin*, 519 F. App'x 985, 989 (10th Cir. 2013)(citing the agency's Program Operations Manual System (POMS) DI 24510.060 and rejecting the plaintiff's argument that the ALJ erred in not mentioning the moderate limitations on performance indicated in

Section I of the mental RFC form where the ALJ relied on the State agency's ultimate opinion in Section III).

The Court also rejects Plaintiff's position that the ALJ did not properly evaluate the opinion of Dr. Burkett, the nonexamining State agency physician who reviewed the record in July 2010 and concluded that Plaintiff was capable of performing the exertional requirements of light work . Tr. 502.  Dr. Burkett limited Plaintiff to occasional overhead use of the upper extremities and occasional gross and fine manipulation with the left upper extremity. Tr. 504.  Indeed, as the Commissioner notes, the ALJ's RFC, which precluded Plaintiff from overhead reaching with the left upper extremity and limited the use of the left upper extremity to an assist to his right upper extremity, was more restrictive than Dr. Burkett's assessment.

Plaintiff also asserts that the ALJ did not properly consider the opinion of Dr. Collegde, the workers' compensation physician who examined Plaintiff in September of 2010 and concluded that he would not "do well in jobs that require significant amount of overhead type work or repetitive type left upper extremity activities." Tr. 535.  Because the ALJ's assessment  is consistent, if not more restrictive, than Dr. Collegde's opinion regarding Plaintiff's  left upper extremity limitations, Plaintiff's  contention that Dr. Collegde's opinion was improperly considered is rejected.

As to Plaintiff's assertion that the ALJ failed to engage in the required analysis of materiality of his alcohol use, the Court agrees with the Commissioner that such analysis was not required because the ALJ did not find that Plaintiff was disabled considering all of his impairments, including his alcohol use.  *See* SSR 13-2P, 2013 WL 621536 at *4 (adjudicator makes a drug addiction and alcoholism (DAA) materiality determination only

5

when (1) the adjudicator has medical evidence from an acceptable medical source establishing that a claimant has a substance use disorder, and (2) the adjudicator finds that the claimant is disabled considering all impairments, including the DAA).

### B. Credibility Determination

Mr. Sanchez also challenges the ALJ's credibility determination of his subjective statements. "'Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(quoting *Diaz v. Secretary of Health & Human Serve.*, 898 F.2d 774, 777 (10th Cir. 1990)). Among the factors the ALJ may consider in evaluating a claimant's complaints are "the levels of [her] medication and [its] effectiveness, ... the frequency of [her] medical contacts, the nature of [her] daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, ... and the consistency or compatibility of nonmedical testimony with objective medical evidence." *Id.* The ALJ is not required to set forth "a formalistic factor-by-factor recitation of the evidence" he relied on in evaluating Plaintiff's credibility. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). "So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility", the credibility determination is adequate. *Id.* If the ALJ disbelieved claimant's allegations, she must explain what evidence led her to conclude the claimant's allegations were not credible. *Kepler v. Chater*, 68 F. 3d. at 391.

As the ALJ noted, Mr. Sanchez "alleged that he is unable to work due to 'limited use of left arm'. Subsequently, he reported that he also suffers from depression and anxiety. He alleged that these impairments limit his ability to lift, reach, use his hands, hear, remember, concentrate and complete tasks." Tr. 19. Although, the ALJ found that

Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms", she nevertheless found that, "his statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC] assessment." Tr. 21.

The Court concludes that the ALJ's finding as to credibility is supported by substantial evidence and that the ALJ sufficiently set forth the specific evidence she relied on in evaluating Plaintiff's credibility. For example, the ALJ's Decision reflects that in reaching her credibility conclusion, she relied on evidence that Mr. Sanchez could attend to his own personal care and household activities while being careful how he used his left upper extremity. Although he continued to report problems with bilateral numbness and pain, the ALJ noted record evidence of Plaintiff working on his car, doing yard work, working on his motorcycle, handling tools, riding his motorcycle, and going out once a day. The ALJ also noted that although Mr. Sanchez reported significant numbness at night and while riding his Motorcycle, he reported that he was not using a splint at night, and that a motorcycle by its nature involves vibration that would exacerbate Plaintiff's upper extremity impairments. The ALJ also considered that Plaintiff's medications lessened his symptoms, allowing him to engage in his hobbies, noting that Mr. Sanchez reported that the pain returned when he stopped taking his medications. As outlined by the Commissioner, the Court is satisfied that substantial objective evidence supports the ALJ's finding. *See* Mem. Opp'n at 10-14.

In sum, after thoroughly reviewing the record, the Court finds nothing amounting to legal error in the ALJ's evaluation of Plaintiff's credibility.

### C. Step Five Determination

Plaintiff suggests that had the ALJ presented a proper RFC hypothetical to the vocational expert, it is probable that the step five determination would have been different. The Court, however, agrees with the Commissioner that the ALJ's denial of disability at step five due to the existence of jobs that Plaintiff can perform is supported by substantial evidence.

### D. Closed Period of Benefits

Finally, the Court rejects Plaintiff's assertion that, at the very least, he is entitled to a closed period of benefits due to his industrial accident. As the Commissioner notes, Plaintiff has not shown that he was disabled within the meaning of the Social Security Act.

## IV.  CONCLUSION

The Court concludes that the Commissioner's decision, that Mr. Sanchez was not disabled within the meaning of the Social Security Act, is supported by substantial evidence of record and is not the result of any legal error which has been brought to the Court's attention.

Therefore, based on the foregoing reasons as well as the Commissioner's opposing memorandum, Mr. Sanchez's Complaint is dismissed and the Commissioner's decision to

Case 2:13-cv-00912-DS Document 30 Filed 12/10/14 Page 9 of 9

deny his application for Social Security benefits is affirmed.

    IT IS SO ORDERED.

        DATED this 10th day of December, 2014.

                BY THE COURT:

*[signature]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT